1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON FITZGERALD HENRY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN MICHAEL BENOV, Warden,<br><br>　　　　Respondent. | )  Case No.: 1:13-cv-00714-JLT<br>)<br>)  FINDINGS AND RECOMMENDATIONS TO<br>)  DISMISS PETITION FOR WRIT OF HABEAS<br>)  CORPUS<br>)<br>)  ORDER REQUIRING THAT OBJECTIONS BE<br>)  FILED WITHIN TWENTY DAYS<br>)<br>)  ORDER DIRECTING CLERK OF COURT TO<br>)  ASSIGN CASE TO U.S. DISTRICT JUDGE |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on May 1, 2013, in the U.S. District Court for the Central District of California. (Doc. 1). On May 13, 2013, the matter was transferred to this Court. (Doc. 3).

　　　　The petition indicates that Petitioner is serving a twenty year federal prison term as a result of his conviction for an unspecified federal crime that was enhanced by a prior New York state conviction on drug charges. (Doc. 1, pp. 2-6). The petition alleges that Petitioner's New York conviction was unconstitutional because he was denied the right to represent himself at trial and because the trial judge issued an "Allen" charge to the jury during its deliberations. (Id.). Petitioner reasons that his current federal sentence is unlawful because it was enhanced by virtue of that unlawful prior state conviction. (Id.).

After reviewing the petition, the Court has concluded that, to the extent that Petitioner is directly challenging his federal sentence, he must do that by way of a motion pursuant to 18 U.S.C. § 2255, not through a habeas petition pursuant to § 2241.  To the extent that Petitioner is seeking to directly challenge his underlying state conviction, his is barred from federal review because of untimeliness.  Accordingly, the Court will recommend that the petition be dismissed for lack of habeas jurisdiction.

## DISCUSSION

A.  Challenging The Federal Conviction And Sentence.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that his federal sentence is illegal because it has been enhanced by an unconstitutional state conviction is clearly a direct challenge to his federal sentence.  However, the proper vehicle for challenging such an error is through a motion to vacate, set aside, or correct the

sentence pursuant to 28 U.S.C. § 2255, not through a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any

way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

In Ivy, the petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is *presently* barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

To the extent that the petition seeks to challenge Petitioner's federal sentence and the enhancements included therein, Ivy is dispositive. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. As in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in a motion pursuant to § 2255. Certainly, Petitioner was aware at the time of sentencing on his federal conviction that the 1994 New York conviction would be used as an enhancement, and, just as certainly, Petitioner would have been aware at that time of any constitutional defects in that 1994 conviction. Thus, the claimed deficiencies

in the 1994 conviction could have been raised during Petitioner's appeal from his federal conviction or, at the very least, in a § 2255 motion in the sentencing court. Petitioner has failed to show he has not had an unobstructed procedural shot at presenting these claims in the trial court. Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d

893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Petitioner has made no allegation that he is actually innocent of the federal charges for which he was convicted. Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court, to the extent that the instant petition can be construed as a § 2255 motion, this Court lacks jurisdiction. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue a challenge to his federal sentence, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

B. Directly Challenging The State Conviction In New York.

To the extent that Petitioner seeks to directly challenge the underlying state conviction in New York, that avenue, too, is also closed to him in these federal habeas proceedings. Petitioner's claim is barred from federal review by Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). In Lackawanna, the U.S. Supreme Court considered whether a § 2254 habeas petitioner could collaterally attack an earlier state conviction used to enhance the sentence for a later state conviction. The Court ruled that such a petitioner satisfies the "in custody" requirement if, although no longer serving the sentences imposed for the first state convictions, the petitioner was serving the sentences enhanced by the first convictions. Id. at 402-403.

The Court then turned to the central question of the appeal, and held that if a prior conviction is no longer open to federal review, then the defendant cannot collaterally attack the prior conviction through a § 2254 petition:

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner has not identified the United States District Court in which he was convicted of the offense for which he is presently incarcerated. However, that court would be the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

> "...[W]e hold that once a state conviction is no longer open to direct or collateral attach in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

Id. at 403-404.

The Supreme Court recognized two possible exceptions to the bar. A petitioner in these circumstances may seek habeas relief if: 1) he challenges an enhanced sentence on the grounds that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment or 2) a defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and could not have uncovered such evidence in a timely manner. Id. at 405.

In this case, any direct challenge by Petitioner to his 1994 state conviction would be barred by the AEDPA's one-year statute of limitations. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). As the instant petition was filed on May 1, 2013, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner alleged that he filed a direct appeal from his 1994 state conviction that was, eventually, denied by the New York Court of Appeals on July 12, 1996. (Doc. 1, p. 3). Thus, direct review would have concluded on October 6, 1996, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, i.e., October 7, 1996, or until October 6, 1997, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, the instant petition was filed on May 1, 2013, over fifteen years after the one-year period expired.[2]

Under those circumstances, the 1994 conviction is no longer open to <u>direct</u> federal review and therefore Lackawanna is applicable. Id. As the United States Supreme Court noted, "[t]hese vehicles for review...are not available indefinitely and without limitation." Lackawanna, 532 U.S. at 402-403. Petitioner has waited over fifteen years to challenge his 1994 conviction. Indeed, it appears that the only reason Petitioner has acted at all with respect to the prior state conviction was his subsequent federal conviction for which the 1994 conviction was used as an enhancement. A Petitioner cannot simply revisit prior state court convictions *ad infinitum* whenever he runs afoul of federal law and that

---

[2] Petitioner has not established an entitlement to statutory tolling. Petitioner alleges that he filed one state petition in the Oneida County Court on March 22, 1994, which would have been after his conviction but before his sentencing. (Doc. 1, p. 2). He indicates that this petition was never addressed by the state court, a vague and unsubstantiated allegation that is, standing alone and from an evidentiary standpoint, wholly insufficient to justify an award of statutory tolling. The other state petition is alleged to have been filed in the Oneida County Court on June 17, 2011 and denied on October 11, 2011. (Doc. 1, p. 4). However, a petitioner is not entitled to statutory tolling where, as in this instance; the limitations period had already run prior to filing the state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Also, Petitioner makes no claim of entitlement to equitable tolling. Hence, the petition is untimely to challenge Petitioner's 1994 state conviction.

prior conviction is used to enhance a subsequent sentence.

Moreover, Petitioner does not allege any facts that would qualify him for an exception to the Lackawanna bar. Petitioner does not assert that the basis for the unconstitutional conviction in 1994 was the court's failure to appoint counsel; indeed, counsel was clearly appointed since Petitioner contends he was not allowed to represent himself. Nor does Petitioner make any effort to demonstrate that he is actually innocent of the 1994 crime. Accordingly, Petitioner meets no exception to the Lackawanna bar. Id. Thus, federal habeas review of the 1994 state court conviction is barred.

Finally, to the extent that the present federal habeas petition is intended as a writ of coram nobis, that legal avenue is not available either. Petitioner may not avail himself of a writ of coram nobis to attack a prior state court conviction. Coram nobis relief is available only to challenge federal convictions. See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985)("the writ of error coram nobis fills a void in the availability of post-conviction remedies in *federal* criminal cases"). "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003)(coram nobis unavailable in a federal court as means of attack on state criminal judgment); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992)(same); Sinclair v. Louisiana, 679 F.2d at 514 (same); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964)(same); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962)(same). As the Fifth circuit explained: "A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief." Sinclair, 679 F.2d at 514. Further, the writ of error coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions." Rivenburgh, 299 F.2d at 843; see Madigan v. Wells, 224 F.2d 577, 578 (9th Cir. 1955).

For all of these reasons, the petition should be dismissed.

**ORDER**

The Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2013**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE