UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON FITZGERALD HENRY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN MICHAEL BENOV, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00714-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT (Doc. 15)<br><br>ORDER STRIKING THE FIRST AMENDED PETITION AS IMPROPERLY FILED (Doc. 17) |

**PROCEDURAL HISTORY**

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on May 1, 2013, in the U.S. District Court for the Central District of California. (Doc. 1). On May 13, 2013, the matter was transferred to this Court. (Doc. 3).

The original petition indicates that Petitioner is serving a twenty-year federal prison term as a result of his conviction for an unspecified federal crime that was enhanced by a prior New York state conviction on drug charges. (Doc. 1, pp. 2-6). The petition alleges that Petitioner's New York conviction was unconstitutional because he was denied the right to represent himself at trial and because the trial judge issued an "Allen" charge to the jury during its deliberations. (Id.). Petitioner reasons that his current federal sentence is unlawful because it was enhanced by virtue of that unlawful prior state conviction. (Id.).

1

After reviewing the petition, the Court concluded that, to the extent that Petitioner is directly challenging his federal sentence, he must do that by way of a motion pursuant to 18 U.S.C. § 2255, not through a habeas petition pursuant to § 2241.  To the extent that Petitioner is seeking to directly challenge his underlying state conviction, he is barred from federal review because of untimeliness. Accordingly, the Court issued Findings and Recommendations to dismiss the petition on May 23, 2013. (Doc. 8).  The matter was submitted to the District Judge for a final decision, where it has remained since that time.

However, on December 2, 2013, Petitioner filed a motion to amend the petition with evidence and allegations related to a subsequently issued decision of the United States Court of Appeals, Ninth Circuit.  (Doc. 15).  On March 13, 2014, before the Court could rule on the motion to amend, Petitioner filed his first amended petition.  (Doc. 17).

**DISCUSSION**

The Findings and Recommendations issued on May 23, 2013 to dismiss the case for lack of habeas jurisdiction relied upon Lackawanna County v. Coss, 532 U.S. 394 (2001) for the proposition that the "in custody" requirement of § 2254 is not satisfied where an inmate, such as Petitioner in this case, is challenging the enhancement of a sentence by a purportedly unconstitutional prior conviction for which the petitioner has already completed the term of imprisonment.  (Doc. 8, p. 6).  As discussed in the Findings and Recommendations, Lackawanna recognized only two narrow exceptions to that rule: (1) where there was a failure to appoint counsel for the petitioner in the earlier conviction; and (2) where compelling evidence of the petitioner's actual innocence is obtained after the time for appealing that earlier conviction has elapsed.  (Id., p. 8).  The Court concluded that neither exception was applicable to Petitioner's case.  (Id.)

In his motion to amend or supplement the petition, Petitioner cites to a case from the Ninth Circuit, Dubrin v. California, 720 F.3d 1095 (9th Cir. 2013), that appears to articulate a third exception to Lackawanna, i.e., where the state court, without justification, refuses to rule on a properly presented constitutional claim.  After explaining Petitioner's understanding of the holding in Dubrin, Petitioner indicates that because Dubrin was recently decided, he did not have an opportunity to address Dubrin in

his objections to the May 23, 2013 Findings and Recommendations.[1]  (Doc. 15, p. 2).  Therefore, Petitioner requests leave to amend the petition, or, alternatively, leave to supplement the petition, with allegations related to a Dubrin exception.  (Id.).   Petitioner contends he should be allowed to "describe in full the substantial relationship between those cases [setting out exceptions to Lackawanna] and the issues in the present case."  (Doc. 15, p. 4).  Petitioner also indicates that "the claims of the amended petition arise out of the same facts and circumstances as set forth in the original petition."  (Id.).

Generally, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. U.S. District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Here, however, Petitioner fashions his motion as one to amend the petition or, alternatively, to supplement the original petition with additional facts and legal citations.  The Court's Findings and Recommendations have been pending before the District Judge for over one year.  While Rule 15(a) does not appear to expressly bar an amendment of right in that situation, the Court concludes that filing an amended petition long after Findings and Recommendations were issued raises serious concerns regarding the effective administration of justice in habeas cases.  Accordingly, and in concert with Petitioner's own request, the Court construes Petitioner's motion as a motion to supplement the original petition rather than as a motion to file an amended petition.  Thus construed, the Court will deny the motion to supplement for the following reasons.

In his original petition, Petitioner alleges that he presented a post-conviction motion raising the same issues contained in the instant petition to the New York trial court on March 22, 1994, but that the state court refused to rule on the motion because it erroneously believed that Petitioner had been deported from the United States. (Doc. 13, p. 3).  Petitioner alleges that, even after he presented evidence to the court that he had not been deported and was in fact a citizen of the United States, the state court simply returned his papers without ruling on his post-conviction motion.  (Id.).  Petitioner

---

[1] The Court notes that Dubrin was decided on March 8, 2013, **almost two months before** Petitioner filed his original petition.

relies on these allegations as a basis for raising the Dubrin exception.

Later, however, in the erroneously filed first amended petition, Petitioner further clarifies his factual allegations as follows:

> By papers dated June 17, 2011 petitioner moved, for a second time, pursuant to C.P.L. § 440.10, to vacate his judgment of conviction. He asserted that his judgment should be vacated, pursuant to C.P.L. § 440.10(1)(h), because (1) the State, in violation of Faretta v. California, 422 U.S. 806,814,95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), Godinez v. Moran, 509 U.S. 389, 399, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993) and People v. Mcintyre, 36 N.Y.2d 10, 17,324 N.E.2d 322,364 N.Y.S.2d 837 (1974), had deprived him of his right to represent himself at trial; (2) the trial court's erroneous evidentiary ruling prejudiced his case; (3) the trial court's impermissibly coercive "Allen" charge rendered his trial unfair; and (4) he was deprived of the effective assistance of trial counsel in that counsel inexcusably failed to present his Faretta issue in [his] motion for a new trial and on appeal. The Oneida County Court denied this petition on October 11, 2011, without a hearing, finding that the grounds raised by Petitioner could have been raised on direct appeal. See N.Y. Crim. Proc. Law§ 440.10(2)(c). Petitioner filed for leave to appeal; and he petitioned the New York Court of Appeals for a writ of coram nobis on his claim of ineffective assistance of appellate counsel. The New York Court of Appeals denied both applications on February 10, 2012. The New York Supreme Court denied certiorari on June 25, 2012.

(Doc. 17, p. 5).

From the foregoing, even considering the allegations in Petitioner's objections to the Findings and Recommendations currently pending, his motion to amend or supplement, and his first amended petition, it does not appear that Petitioner qualifies for any of the three exceptions to Lackawanna. First, Petitioner has never maintained that he was denied counsel during his 1994 New York conviction. To the contrary, as one of his grounds challenging that conviction, Petitioner argues that the state court erred in not permitting Petitioner to represent himself.

Second, Petitioner does not persuasively contend that he is actually innocent of the prior state conviction.  Instead, Petitioner contends that he is actually innocent of the federal charges for which he is now imprisoned because the state jury was permitted to "aggregate drug quantities" based on uncharged offenses, and that those aggregated quantities gave rise to Petitioner's current federal sentence. (Doc. 17, p. 15). In the same paragraph, however, Petitioner concedes that, while the state conviction was obtained through a "miscarriage of justice," Petitioner was not factually innocent of those charges. (Id.). Accordingly, this exception to Lackawanna does not apply either.

Finally, under Dubrin, Petitioner does not qualify for an exception to Lackawanna because, based upon the allegations in his original petition, his amended petition, his motion to amend or

supplement, and his objections, Petitioner does not articulate any scenario whereby the state court, without justification, refused to rule on a properly presented constitutional claim.  Rather, as the excerpt above demonstrates, the state courts refused to rule on Petitioner's challenges to his 1994 conviction because his claims could have been raised on direct appeal.  In other words, the state court found that Petitioner's post-conviction motions and habeas claims were procedurally barred.  Petitioner had appellate remedies and he pursued them, albeit unsuccessfully.  Nothing in those circumstances even remotely suggests that the state courts of New York refused to rule on Petitioner's constitutional claims "without justification."

Accordingly, Petitioner cannot meet any of the three exceptions to Lackawanna, even considering all of the allegations he has made in the pleadings and motions now before the Court.  For those reasons, formally permitting supplementation when the Court's Findings and Recommendations are already pending and awaiting review by the District Judge would not advance Petitioner's legal position in this case or benefit him in any significant way.  Put another way, the Court would reach the same conclusion, i.e., that it lacks habeas jurisdiction, with or without the formal supplementation of the facts alleges in the motion to amend or supplement and the first amended petition.

For those reasons, the Court will deny Petitioner's motion to supplement as being futile.  Since Petitioner filed the first amended petition in order to present facts which, as indicated above, would not alter the Court's application of Lackawanna as a bar to further proceedings in this case, the Court will order the Clerk of the Court to strike the first amended petition as improperly filed.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion for leave to supplement the petition (Doc. 15) is DENIED;

2. The first amended petition (Doc. 17) is STRICKEN as improperly filed.

IT IS SO ORDERED.

Dated:   **September 8, 2014**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

5